## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOVER IP, LLC, <br> a Missouri limited liability company, and <br> DOVER DEVELOPMENT, LLC, <br> an Illinois limited liability company, <br> <br> Plaintiffs, <br> <br> v. <br> <br> DOVER DEVELOPMENT <br> CORPORATION, f/k/a FAMILY PRIDE <br> CORPORATION, a Tennessee <br> corporation, <br> <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs Dover IP, LLC and Dover Development, LLC, for their Complaint against Defendant Dover Development Corporation f/k/a/ Family Pride Corporation, respectfully state and allege as follows:

## THE PARTIES

1. Dover IP, LLC ("Dover") is a Missouri limited liability company in good standing with power and authority to bring this action. The trademark at issue in this action was assigned to Dover by Dover Development, LLC in July 2016.

2. Dover Development, LLC ("Dover Development") is an Illinois limited liability company in good standing with power and authority to bring this action. Dover Development is the licensee of the trademark at issue in this action, which Dover Development has licensed from Dover.

3. Dover Development Corporation f/k/a/ Family Pride Corporation ("FPC") is a Tennessee corporation with its principal place of business and registered agent in Knoxville,

1

Tennessee.

4. Rick Dover, FPC's primary owner, is a felon who has been convicted of multiple crimes, including tax evasion, filing false tax returns, and filing false documents to obtain a loan. His felonies stem from misdeeds associated with real estate development, and are the subject of easily-accessible, recent media coverage.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this Complaint because it contains federal claims against FPC which satisfy the requirements of 28 U.S.C. § 1331. In addition, this Court has supplemental jurisdiction over the pleaded state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims against FPC that they form part of the same case or controversy.

6. This Court has personal jurisdiction over FPC under 735 ILCS 5/2-209 because FPC committed a tort in Illinois, damaged Plaintiffs in Illinois, and caused actual confusion within the senior living real estate development community in Illinois.

7. FPC continued knowingly to infringe the Dover Development trademark and trade name after Dover Development put FPC on notice of its infringing conduct in 2015. FPC thus knowingly directed its tortious conduct to Illinois with the intent to infringe on Dover Development and Dover's intellectual property and with the intent to cause Dover Development and Dover harm in Illinois.

8. This District is an appropriate venue for this Complaint because FPC is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

I.  **Dover Development, LLC**

9. Dover Development is a multi-state development company specializing in developing and constructing senior living communities, including independent living, assisted living and memory care facilities.

10. Dover Development was formed under the laws of the State of Illinois in April 2007.

11. Since that time, Dover Development has developed eight operating assisted living and/or memory care facilities. These facilities opened in 2009, 2011, 2014, 2015, 2016, and 2017. Its Illinois facilities are in Collinsville, Edwardsville, Greenville, Jacksonville, Shiloh, and Sparta.

12. Dover Development is in the process of developing, building and/or opening ten more senior living facilities in multiple states. In Illinois, it is constructing, building, and/or opening facilities in Centralia, Bethalto, Woodridge, Yorkville, Quincy, Springfield, and Columbia.

13. Dover Development has sought and continues to seek financing and development opportunities in Missouri, Illinois, and nationally.

14. Through its Managing Member, Dover Development has a presence in Tennessee and is pursuing development opportunities there.

15. For nearly five years, the name "Dover Development" has been associated with Dover Development and with Dover Development's ongoing senior living and memory care developments. The words Dover Development have commercial value in the marketplace and Dover Development has taken appropriate steps to protect that value.

16. Dover Development is the owner of the trade name "Dover Development" (the "Trade Name"). The Trade Name is distinctive, because it is inherently distinctive. Alternatively, even if it is not inherently distinctive, the Trade Name has become distinctive through the acquisition of secondary meaning, in that a substantial proportion of the relevant consumer population associates the Trade Name with Dover Development's business.

17. Dover Development is also the owner of the trade mark DOVER DEVELOPMENT (the "Trademark"). Dover Development sought and obtained U.S. Registration No. 4,304,536 (the "Registration") for the Trademark. A copy of the Registration is attached as **Exhibit A** and incorporated by this reference.

18. The Registration encompasses:

REAL ESTATE DEVELOPMENT; REAL ESTATE DEVELOPMENT AND CONSTRUCTION OF COMMERCIAL, RESIDENTIAL AND HOTEL PROPERTY; REAL ESTATE DEVELOPMENT SERVICES IN THE FIELD OF RETIREMENT COMMUNITIES; REAL ESTATE SITE SELECTION.

19. Dover Development registered the Trademark on the principal register of the United States Patent and Trademark Office on March 19, 2013.

20. Dover Development's Registration is in full force and effect on the PTO's Principal Register and gives rise to presumptions in favor of Dover Development with respect to validity, ownership, and exclusive rights to use the "Dover Development" name in connection with senior living facilities throughout the United States.

21. Dover Development has used the Trade Name continually in interstate commerce since 2012 and used the Trademark since at least as early as June 9, 2012.

22. Over the years, Dover Development has invested a substantial amount of time, effort, and resources in promoting and identifying it business under the Trade Name and promoting its services under the Trade Name and Trademark, and creating substantial customer

4

goodwill under the Trademark.

23. Dover Development has invested a substantial amount of time, effort, and resources in developing and constructing facilities and conducting development services marketed and delivered under the Trademark.

24. Dover Development has also expended a substantial amount of time, effort and resources marketing and promoting its business to potential investors and others in the senior living development community in Missouri, Illinois, and across the nation under the Trade Name and Trademark.

25. As a result of Dover Development's efforts, the Trade Name and Trademark are associated with unique design, high quality ground-up construction, community relations and high integrity. The Trade Name and Trademark thus embody substantial and valuable goodwill of Dover Development.

**II.  Dover IP, LLC**

26. Dover is a Missouri limited liability company that was validly formed in June 2015.

27. Dover Development assigned the Trademark to Dover on July 29, 2016.

28. Dover has licensed use of the Trademark to Dover Development.

**III.  FPC**

29. FPC is a Tennessee corporation that was formed in July, 1993.

30. FPC operated on a continuous basis under the name Family Pride Corporation for more than 21 years.

31. According to FPC, FPC is a real estate development company that renovates properties and converts them into senior housing, with an emphasis on care for Alzheimer's and

other memory problems.

32. Under the name Family Pride Corporation, FPC developed a number of senior living and memory care facilities.

33. On November 5, 2014, subsequent to Dover Development's use and registration of the Trademark, FPC changed its name to Dover Development Corporation by a filing with the Tennessee Secretary of State.

34. Since that time, FPC had developed and continues to develop senior living and memory care facilities under the name Dover Development.

35. As recently as late October 2016, FPC received media coverage for a planned FPC senior living facility in Tennessee that will be undertaken under the Dover Development name.

36. That project is in no way connected or associated with Dover or Dover Development.

37. Internet searches for the words Dover Development direct internet traffic to FPC.

**IV.   Rick Dover's Criminal History**

38. Any associations among Dover Development, FPC, and Rick Dover are particularly troublesome given Rick Dover's criminal history.

39. Rick Dover's criminal conviction for making a false statement to Sunbelt Federal Savings, for example, resulted in a criminal restitution order in the amount of $19,620,925.58, which restitution was to be credited against a separate, civil judgment Sunbelt obtained against Rick Dover totaling $284 million.

40. This conviction, and the fact that Rick Dover is a 6-time felon, has been raised in media reports as recently as October 2, 2017. The URL for this latest story,

http://www.knoxnews.com/story/news/crime/2017/10/02/lawsuit-felon-turned-knoxville-developer-rick-dover-up-his-old-deceitful-ways/716621001/ (last accessed October 27, 2017), is especially telling.

41. So are the allegations in the lawsuit the story reports on, which charge Rick Dover with making misrepresentations to his business partners with respect to real estate development activities.

42. As a significant part of Dover Development's business involves obtaining funding from real estate investors and commercial lenders, associations with an individual whose nearly $300 million in past criminal and civil judgments stem from defrauding real estate investors and commercial lenders are incredibly serious.

**V.    Infringement of the Trademark and Trade Name**

43. FPC's decision to change its name to Dover Development has caused and is causing confusion in the marketplace and among those dealing with Dover Development, including potential investors and others in the senior living development community in Missouri, Illinois, and across the nation.

44. For example, on February 14, 2017, the Yorkville, Illinois Patch (a local news website) reported on a proposed Dover Development development in Yorkville, Illinois, and misreported that Dover Development is a "Missouri-based company [that] normally restores or renovates neglected properties, and turns most of [these] properties into affordable senior housing." (A copy of the February 14, 2017 Report from Patch.com, is attached as **Exhibit B**.)

45. The Patch.com reporter, like others who Google "Dover Development", found Family Pride's website, which is at the URL www.doverdevelopment.net. On the "About Us" section of its website, FPC notes that it "restore[s] or renovate[s] neglected properties." (A

7
1688738

screenshot of the "about us" section of the website, taken February 19, 2017, is attached as **Exhibit C**.)

46. This is where the Patch.com reporter got confused, and where others who Google "Dover Development" get confused too. Dover Development does not renovate neglected properties; it develops brand new facilities from the ground up.

47. Dover Development has also had direct dealings with individuals who have confused the senior housing work being done by FPC with the work being done by Dover Development.

48. On numerous occasions, candidates for employment positions with Dover Development have mistakenly confused Dover Development with FPC. When researching for such positions, candidates are landing on FPC's website. Such candidates have then confusingly commented on Dover Development's business relationship to a Tennessee office and Dover Development's involvement with historic senior renovations. Upon clarification during the interview process, these candidates have acknowledged their confusion between Dover Development and FPC based upon their online research.

49. Dover has demanded that FPC cease and desist operating under the Trademark.

50. FPC has failed and refused to honor Dover's Trademark and Trade Name, and continues to engage in infringing conduct with knowledge of its misconduct.

51. Unless enjoined, FPC will continue to act in violation of Dover's Trademark and Trade Name.

**COUNT I – TRADEMARK INFRINGEMENT**

52. For this Paragraph 52, Dover and Dover Development plead, allege, and incorporate by reference Paragraphs 1 through 51 of the Complaint as if fully set forth herein.

8
1688738

53. Dover and Dover Development own valid and protectable rights in the Trademark.

54. FPC has used and is using the Trademark in commerce without Dover's or Dover Development's consent, license or authorization.

55. FPC's infringing use of the Trademark is likely to cause confusion, mistake, or deception among the public and likely to cause the public to believe that Dover authorized, approved, or somehow participated in FPC's activities or that FPC is owned by, connected with or acting on behalf of Dover or Dover Development.

56. FPC's infringing use of the Trademark has caused confusion, mistake, and deception among potential investors and others in the senior living development community in Missouri, Illinois and across the nation.

57. FPC's actions, as described above, constitute infringement of the Trademark in violation of Lanham Act § 32 (15 U.S.C. § 1114).

58. Dover and Dover Development have been, and will continue to be, damaged and irreparably harmed by FPC's actions, which will continue unless the Court enjoins FPC.

59. Dover and Dover Development have no adequate remedy at law because the amount of damage to business and reputation and the diminution of the goodwill of the Trademark are difficult to ascertain with specificity. Dover is thus entitled to injunctive relief pursuant to Lanham Act § 34 (15 U.S.C. § 1116).

60. FPC is liable for damages in an amount to be determined at trial.

61. On information and belief, FPC undertook its infringing activities willfully, making this an exceptional case entitling Dover and Dover Development to recover treble damages, reasonable attorneys' fees, and costs pursuant to Lanham Act § 35 (15 U.S.C. § 1117),

as well as prejudgment interest.

WHEREFORE, Dover and Dover Development respectfully pray for the following relief:

a. That FPC, its employees, representatives and agents be preliminarily enjoined from using the Trademark without express authorization from Dover or Dover Development;

b. That the Court enter judgment in favor of Dover and Dover Development and against FPC: (1) permanently enjoining FPC from using the Trademark without express authorization from Dover or Dover Development; and (2) awarding Dover and Dover Development damages in an amount to be proven to the Court that will fairly and justly compensate Dover and Dover Development for FPC's infringing activities;

c. That the Court treble Dover's and Dover Development's damages pursuant to Lanham Act § 35 (15 U.S.C. § 1117);

d. That the Court award Dover and Dover Development their reasonable attorneys' fees under Lanham Act § 35 (15 U.S.C. § 1117) as well as its costs, prejudgment interest, and post-judgment interest; and

e. That the Court grant such other and further relief as may be proper under the circumstances.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

62. For this Paragraph 62, Dover and Dover Development plead, allege, and incorporate by reference Paragraphs 1 through 51 of the Complaint as if fully set forth herein.

63. Dover and Dover Development own valid and protectable rights in the Trademark and Trade Name.

64. FPC has used and is using the Trademark and Trade Name in commerce without

Dover's or Dover Development's consent, license or authorization.

65. FPC's infringing use of the Trademark and Trade Name is likely to cause confusion, mistake, or deception among the public and likely to cause the public to believe that Dover authorized, approved, or somehow participated in FPC's activities or that FPC is owned by, connected with or acting on behalf of Dover or Dover Development.

66. FPC's infringing use of the Trademark has caused confusion, mistake, and deception among potential investors and others in the senior living real estate development community in Missouri, Illinois, and across the nation.

67. FPC's actions constitute unfair competition and false designation of origin in violation of Lanham Act § 43(a) (15 U.S.C. § 1125(a)).

68. Dover and Dover Development have been, and will continue to be, damaged and irreparably harmed by FPC's actions, which will continue unless the Court enjoins FPC.

69. Dover and Dover Development have no adequate remedy at law because the amount of damage to business and reputation and the diminution of the goodwill of the Trademark and Trade Name are difficult to ascertain with specificity. Dover and Dover Development are thus entitled to injunctive relief pursuant to Lanham Act § 34 (15 U.S.C. § 1116).

70. FPC is liable for damages in an amount to be determined at trial.

71. On information and belief, FPC undertook its infringing activities willfully, making this an exceptional case entitling Dover and Dover Development to recover treble damages, reasonable attorneys' fees, and costs pursuant to Lanham Act § 35 (15 U.S.C. § 1117), as well as prejudgment interest.

WHEREFORE, Dover and Dover Development respectfully pray for the following relief:

a. That FPC, its employees, representatives, and agents be preliminarily enjoined from using the Trademark and Trade Name without express authorization from Dover or Dover Development;

b. That the Court enter judgment in favor of Dover and Dover Development and against FPC: (1) permanently enjoining FPC from using the Trademark without express authorization from Dover or Dover Development; and (2) awarding Dover and Dover Development damages in an amount to be proven to the Court that will fairly and justly compensate Dover and Dover Development for FPC's infringing activities;

c. That the Court treble Dover's and Dover Development's damages pursuant to Lanham Act § 35 (15 U.S.C. § 1117);

d. That the Court award Dover and Dover Development their reasonable attorneys' fees under Lanham Act § 35 (15 U.S.C. § 1117) as well as their costs, prejudgment interest, and post-judgment interest; and

e. That the Court grant such other and further relief as may be proper under the circumstances.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

72. For this Paragraph 72, Dover and Dover Development plead, allege, and incorporate by reference Paragraphs 1 through 51 of the Complaint as if fully set forth herein.

73. FPC's infringing use of the Trademark is likely to cause confusion, mistake, or deception among the public and likely to cause the public to believe that Dover authorized, approved, or somehow participated in FPC's activities or that FPC is owned by, connected with

or acting on behalf of Dover or Dover Development.

74. FPC's infringing use of the Trademark has caused confusion, mistake, and deception among potential investors and others in the senior living development community in Missouri, Illinois, and across the nation.

75. Upon information and belief, FPC's actions are knowing, intentional, and willful.

76. As a result of FPC's acts of trademark infringement and unfair competition, Dover and Dover Development are suffering irreparable harm for which there is no adequate remedy at law.

77. Unless FPC is enjoined by this Court, it will continue to commit acts of trademark infringement and unfair competition, and it will continue to confuse the public and cause irreparable harm to Dover and Dover Development.

78. Dover and Dover Development are entitled to recover from FPC its profits and any damages that Dover and Dover Development have sustained from FPC's infringement and unfair competition.

79. Upon information and belief, FPC's conduct was oppressive, willful, fraudulent, and malicious, and Dover and Dover Development are entitled to an award of punitive damages.

WHEREFORE, Dover and Dover Development respectfully pray for the following relief:

a. That FPC, its employees, representatives, and agents be preliminarily enjoined from using the Trademark without express authorization from Dover or Dover Development;

b. That the Court enter judgment in favor of Dover and Dover Development and against FPC: (1) permanently enjoining FPC from using the Trademark without express authorization from Dover or Dover Development; and (2) awarding

Dover and Dover Development damages in an amount to be proven to the Court that will fairly and justly compensate Dover and Dover Development for FPC's infringing activities;

c.  That the Court award Dover and Dover Development punitive damages; and

d.  That the Court grant such other and further relief as may be proper under the circumstances.

## COUNT IV
## FEDERAL TRADE NAME INFRINGEMENT

80. For this Paragraph 80, Dover and Dover Development plead, allege, and incorporate by reference Paragraphs 1 through 51 of the Complaint as if fully set forth herein.

81. FPC, in connection with its business operations, has used in commerce, and continues to use in commerce, words, terms, names, symbols, devices, and combinations thereof and/or false designations of origin, which are likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of itself with another person, as to the origin, sponsorship, and approval of its services and commercial activities by another person in violation of 15 U.S.C. § 1125(a)(1)(A).

82. By conducting its business operations under the trade name Dover Development, which is nearly identical to Dover Development's trade name, FPC's conduct constitutes false designation of origin and tends to represent falsely that FPC's business operations originate with Dover Development or that FPC's business has been sponsored, approved, or licensed by Dover Development or are in some way affiliated with or connected to Dover Development in violation of 15 U.S.C. § 1125.

83. Upon information and belief, FPC's actions are knowing, intentional, and willful.

1688738

84. As a result of FPC's actions, Dover and Dover Development are suffering irreparable harm.

85. Unless and until FPC is enjoined by this Court, FPC will continue to commit acts of false designation of origin, and will continue to confuse the public and cause irreparable harm to Dover and Dover Development.

86. Dover and Dover Development have no adequate remedy at law.

87. Dover and Dover Development are entitled to injunctive relief against FPC pursuant to 15 U.S.C. § 1116.

88. Dover and Dover Development are entitled to recover from FPC its profits, all damages that Dover and Dover Development have sustained from FPC's conduct, prejudgment interest, and the costs associated with this action pursuant to 15 U.S.C. § 1117.

89. Because FPC's conduct is willful, Dover and Dover Development also are entitled to recover from FPC treble damages and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

90. The full extent and exact amount of damages are not yet determined.

WHEREFORE, Dover and Dover Development respectfully pray for the following relief:

a. That FPC, its employees, representatives, and agents be preliminarily enjoined from using the trade name Dover Development, or any derivation or colorable imitation thereof, without express authorization from Dover or Dover Development;

b. That the Court enter judgment in favor of Dover and Dover Development and against FPC: (1) permanently enjoining FPC from using the trade name Dover Development, or any derivation or colorable imitation thereof, without express

authorization from Dover or Dover Development; and (2) awarding Dover and Dover Development damages in an amount to be proven to the Court that will fairly and justly compensate Dover and Dover Development for FPC's infringing activities;

c. That the Court treble Dover's and Dover Development's damages pursuant to Lanham Act § 35 (15 U.S.C. § 1117);

d. That the Court award Dover and Dover Development their reasonable attorneys' fees under Lanham Act § 35 (15 U.S.C. § 1117) as well as their costs, prejudgment interest, and post-judgment interest; and

e. That the Court grant such other and further relief as may be proper under the circumstances.

## COUNT V
## COMMON LAW TRADE NAME INFRINGEMENT

91. For this Paragraph 91, Dover and Dover Development plead, allege, and incorporate by reference Paragraphs 1 through 51 of the Complaint as if fully set forth herein.

92. Without consent of Dover or Dover Development, FPC changed its name so as to adopt the trade name Dover Development to identify its business, which is likely to cause confusion, to cause mistake, or to deceive in violation of Illinois common law.

93. Upon information and belief, FPC's acts of trade name infringement are knowing, intentional, and willful.

94. As a result of FPC's acts of trade name infringement, Dover and Dover Development are suffering irreparable harm.

1688738

95. Unless and until FPC is enjoined by this Court, FPC will continue to commit acts of trade name infringement and will continue to confuse the public and cause irreparable harm to Dover and Dover Development.

96. Dover and Dover Development have no adequate remedy at law.

97. Dover and Dover Development are entitled to injunctive relief against FPC.

98. Dover and Dover Development also are entitled to recover from FPC its profits, all damages that Dover and Dover Development have sustained from FPC's conduct, prejudgment interest, and the costs associated with this action.

WHEREFORE, Dover and Dover Development respectfully pray for the following relief:

a. That FPC, its employees, representatives, and agents be preliminarily enjoined from using the trade name Dover Development, or any derivation or colorable imitation thereof, without express authorization from Dover or Dover Development;

b. That the Court enter judgment in favor of Dover and Dover Development and against FPC: (1) permanently enjoining FPC from using the trade name Dover Development, or any derivation or colorable imitation thereof, without express authorization from Dover or Dover Development; and (2) awarding Dover and Dover Development damages in an amount to be proven to the Court that will fairly and justly compensate Dover and Dover Development for FPC's infringing activities;

c. That the Court award Dover and Dover Development punitive damages; and

d. That the Court grant such other and further relief as may be proper under the circumstances.

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/Clark W. Hedger
    Clark W. Hedger, No. 6286372
    ch1@greensfelder.com
    10 S. Broadway, Suite 2000
    St. Louis, MO  63102
    Telephone:  (314) 241-9090
    Facsimile:  (314) 345-5488

    ***Attorneys for Dover IP, LLC and Dover Development, LLC***